UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

DAVID F. DEAN and
VICKI L. DEAN,

                    Debtors.

Chapter 7
Case No. 23-20254

## ORDER DENYING MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE

This matter came before the Court on the Motion to Reopen Chapter 7 Bankruptcy Case with Request for Emergency Determination and Request for Limitation of Notice (the "Motion to Reopen"), filed by D & M Saints, Inc. ("D&M") on July 30, 2025 at Docket Entry ("D.E.") 28, seeking an order reopening the Debtors' case for the purpose of enforcing its lienholder rights as to proceeds from a May 2, 2025 foreclosure sale conducted by Norway Savings Bank with respect to 8 Buckfield Road, Buckfield, Maine (the "Property").  Concurrently with the Motion to Reopen, D&M filed a Motion for Relief from Stay with Request for Emergency Determination and Request for Limitation of Notice (the "Stay Relief Motion") seeking relief from the automatic stay for the same purpose.

The party moving to reopen a case bears the burden of proof.  In re Seigel, 535 B.R. 5, 10 (Bankr. D. Mass. 2015) (citing, In re Suber, 2007 WL 2325229, *1 (Bankr. D.N.J. Aug. 13, 2007).  The decision by a court to reopen the case is a discretionary one and "[a] case should not be reopened if the ultimate relief the movant seeks is inappropriate . . ." Id.  For the following reasons, the Court determines that D&M has failed to meet that burden and will deny the Motion to Reopen.

Mr. and Mrs. Dean commenced their chapter 7 case on December 4, 2023.  In their Statement of Intention for Individuals Filing Under Chapter 7, filed the same day and in accordance with 11 U.S.C. § 521(a)(c), they indicated their intent to surrender the Property to creditors, Community Concepts, D&M, Norway Savings Bank, and the Town of Buckfield. (D.E. 1) Mr. and Mrs. Dean received their discharge on March 6, 2024 (D.E. 18) and, on March 25, 2024, the Chapter 7 Trustee, Jeff Piampiano, Esq., filed his Report of No Distribution, pursuant to which the Property was abandoned back to Mr. and Mrs. Dean.  *See* 11 U.S.C. § 554(c) ("Unless the Court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.").  At that point, the Property no longer constituted property of the estate.

The automatic stay applies to an act against property of the estate only until such property is no longer property of the estate.  11 U.S.C. § 362(c)(1).  D&M, therefore, is free to pursue any state law rights it may have against the Property itself, or any proceeds therefrom, just as Norway Savings Bank was free to commence a foreclosure action without first seeking relief from the automatic stay.

D&M is likewise free to enforce its state law rights against Mr. and Mr. Dean.  The automatic stay expired with respect to any claims against them, individually, upon entry of their discharge on March 6, 2024.  11 U.S.C. § 362(c)(2).  Reopening the case does not reinstate the automatic stay.  The only other relief this Court could possibly afford in this matter is a revocation of, or exception to, discharge but D&M neither states a basis for this relief, nor can the Court conceive of one.  Both the foreclosure sale, and the transfer of proceeds to Mr. and Mrs. Dean, occurred post-petition and do not allege the type of fraud which would warrant

revocation.  11 U.S.C. § 727(b) and (d).  In any event, any such request for revocation is time-barred as more than a year has passed since Mr. and Mrs. Dean's discharge was entered and the case was closed.

As the Court cannot provide any meaningful relief to D&M, the Motion to Reopen is hereby DENIED without prejudice to D&M to refile should more appropriate grounds for reopening the case exist.


Dated: July 31, 2025                                            /s/ Peter G. Cary
                                                               Judge Peter G. Cary
                                                               United States Bankruptcy Court